CEPHAS TILLOTSON v. M. C. SEAL, ESTHER L. SEAL, JOHN B. SEAL, MRS. JOHN B. SEAL, Appellants.

L. H. BECKLEY v. M. C. SEAL, ESTHER L. SEAL and JOHN B. SEAL, Appellants.

Real property: ORAL CONTRACT OF SALE: PAYMENTS: INTEREST: EVIDENCE. In this action on an oral contract to recover a balance of the purchase price of land, and to foreclose a vendor's lien, the

evidence is held to sustain the trial court's finding as to the total payments made by defendants; but the interest allowed by the trial court at eight and ten percent, according to plaintiff's alleged oral agreement made several years previous to suit, is reduced to six percent, and the judgment is further modified by allowing plaintiff for taxes paid.

*Appeal from Story District Court.*—HON. C. G. LEE, Judge.

TUESDAY, NOVEMBER 23, 1909.

REHEARING DENIED TUESDAY, JANUARY 18, 1910.

THESE two cases, while not consolidated, were submitted together in the district court, and they are so submitted here. The first is an action in equity to recover the balance of the purchase price of land sold on an oral contract and to foreclose a vendor's lien. The second is a suit in equity to subject the same land to the payment of a judgment in favor of the plaintiff and against the defendant M. C. Seal. There were judgments for the plaintiffs granting a part of the relief prayed. Both parties appeal in both cases. The defendants therein will be called appellants. Judgment in first case *modified, affirmed,* and *remanded.* Judgment in other case *affirmed* on both appeals.

*Fitchpatrick & McCall,* for appellants.

*McCarthy & Luke,* for appellees.

SHERWIN, J.—The plaintiff, Tillotson, in his petition alleged the sale of the land in question to M. C. Seal on the 8th day of November, 1888, at the agreed price of $1,600; that no part of the purchase price was then paid, and that the defendant orally agreed to pay ten percent

interest thereon.    He further alleged that in 1902 the rate of interest was by mutual oral agreement reduced to eight percent.    The defendant M. C. Seal denied generally. The other defendants joined in a separate answer and cross-petition, alleging that the defendant John B. Seal bought from Tillotson on the 8th day of November, 1888, at the agreed price of $1,600, and that he went into possession thereof at once, and remained in possession until that time; that he paid on the purchase price of the land the sum of $540, and that he subsequently thereto arranged with his codefendant Ester L. Seal, wife of the defendant M. C. Seal, to make further payments, she to have an interest in the eighty acres in proportion to the amount of the purchase price so paid by her; that said Ester L. Seal thereafter paid on the purchase price of the land at different times sums aggregating $1,000.    Said defendants further alleged that in February, 1907, it was mutually agreed by all parties that $1,540 had been paid on said land.

In the Beckley case the plaintiff alleged that he procured a judgment against M. C. Seal in 1904, which was a renewal of a former judgment, and asked that the land be subjected to its payment.    All defendants other than Tillotson answered, admitting the judgment against M. C. Seal, and denying the other allegations of the petition. They further alleged that John B. Seal was the purchaser of the land from Tillotson.    On that allegation the plaintiff joined issue, and alleged that, if M. C. Seal ever transferred any interest in the land to John B. Seal or to Ester L. Seal, such transfer was fraudulent as to the creditors of said M. C. Seal.    In both cases the district court found that Tillotson had sold the land to M. C. Seal and John B. Seal, and that they each owned an undivided one-half interest therein.    In the Tillotson case it was determined that $1,540 had been paid on the land, and a claim of Tillotson for taxes paid by him was rejected.    Tillotson was allowed interest at eight and ten percent as claimed, and

separate judgments were entered against M. C. Seal and John B. Seal for one-half of the amount found due on the land, and a vendor's lien was established for such sums against the undivided interest of each of said defendants. In the Beckley case the undivided interest of M. C. Seal in the land was subjected to the payment of the judgment subject only to the lien of Tillotson for one-half of the unpaid purchase price.

Both appeals present questions of fact which are controlling, and both are dependent upon the same facts. So far as Tillotson is concerned, it can make no difference whether it be found that the land was sold to M. C. Seal, or to him and his brother jointly; for in either case the land is held for the amount of the unpaid purchase price. The only real questions in the Tillotson case, therefore, relate to the payments, the interest he is entitled to, and the claim for taxes. We shall not undertake to set out the evidence on the questions of payments and taxes. There is much conflict in the testimony as to the payments, and it is difficult to reconcile all of it. The sale was made over twenty years ago without a writing of any kind. Notes were not even taken for the purchase price. The payments that were made were in small amounts, and the plaintiff, Tillotson, does not seem to have kept a record thereof. While his testimony on the subject is positive and apparently very candid, it is practically alone. On the other hand, the defendants produced receipts, canceled bank checks, and disinterested witnesses to sustain their claims as to the amount paid, and, unless we say that such evidence is false, we see no escape from a finding that payments were made as claimed by the defendants. We should not disregard this evidence, and hence the finding of the district court as to payments made must stand.

The plaintiff is not entitled to a greater rate of interest than six percent. He had nothing but an oral promise to pay, and, although the rate of interest claimed was

not usurious at the time of the alleged agreement, only six percent may be recovered under the statute. There is no question but what the plaintiff paid a large part of the taxes on the land, and we think the evidence fairly shows that he is entitled to $100 agreed upon as due him therefor. In the Tillotson case, therefore, the judgment will be modified in these respects. The plaintiff will have interest at six percent only, instead of eight and ten as computed by the trial court. He is allowed $100 on taxes paid, and with these modifications the judgment in his case will be affirmed on both appeals, and remanded for computation and a decree in harmony herewith. In the Beckley case we think there should be an affirmance on both appeals. The weight of the evidence seems to show that John B. Seal owned an interest in the land in question, and that he paid a part of the purchase price therefor. We are fully satisfied, however, that M. C. Seal owned at least a one-half interest therein, and that such interest should be subjected to the payment of the plaintiff's judgment after the lien thereon for the unpaid purchase price has been satisfied. In the Tillotson case the judgment is modified, affirmed, and remanded, and in the Beckley case the judgment is affirmed on both appeals. Motion to strike the appellees' amendment to abstract is overruled, but appellees will pay one-third of the cost thereof.